United States District Court
Southern District of Texas
**ENTERED**
December 09, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|   Plaintiff/Respondent, | § | |
| | § | |
|   v. | § | CRIMINAL NO. 2:19-33 |
| | § | CIVIL NO. 2:20-113 |
| DWAYNE LAZO, | § | |
|   Defendant/Movant. | § | |

### MEMORANDUM OPINION & ORDER

Defendant/Movant Dwayne Lazo filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 36. Now pending is the United States of America's (the "Government") Motion for Judgment on the Record (D.E. 42), to which Movant has responded (D.E. 44). Also pending are Movant's Motion for an Evidentiary Hearing on 28 U.S.C. § 2255 Motion (D.E. 45) and letter motion for compassionate release (D.E. 46). For the reasons stated herein, the Government's motion is **GRANTED**, and Movant's motions are **DENIED**.

### I. BACKGROUND

The investigation giving rise to this case centered around two interconnected methamphetamine and heroin supply networks operating in the Corpus Christi, Texas area. One of the defendants in the conspiracy was a large-scale supplier of 96% to 100% pure methamphetamine, with a source of supply in Mexico. This supplier provided methamphetamine to at least six other distributors locally, including Movant.

As detailed in the Stipulation of Fact he signed (D.E. 23), Movant was arrested in his vehicle on May 7, 2018, after police officers responded to a call about a man asleep at

1

the wheel of a parked car outside a convenience store. Officers identified Movant and determined that he had an outstanding warrant for a parole violation. During an inventory search of the car, officers found a black case containing a scale and several clear plastic bags of assorted drugs, including one bag with 11.9 grams of d-methamphetamine with a purity of 98%, two bags of cocaine, and one bag of Alprazolam pills. Officers also found a wallet on the floorboard containing Movant's driver license and $1,537 in U.S. currency, which they believed to be drug proceeds. Movant stipulated that the amount of methamphetamine recovered inferred the intent to distribute.

As detailed in the Presentence Investigation Report (PSR, D.E. 27), the stipulated facts were corroborated by three separate cooperating defendants ("CD"), who identified Movant as their customer. CD1 recorded high volume sales to Movant in his/her ledger. CD2 indicated that Movant was supplied with one to two kilograms of methamphetamine every other week from at least January 2018 to April 2018, and that Movant was one of his/her biggest customers. CD3 also stated that he/she supplied Movant with kilogram amounts of methamphetamine. Co-conspirator debriefings indicated that Movant was supplied at a minimum 4.5 kilograms of methamphetamine/ice.

On January 9, 2019, Movant was charged with conspiracy to possess with intent to distribute more than 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A) (Count 1), and with possession of more than five grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Count 2). He pled guilty to Count 1 before a magistrate judge pursuant to a written plea agreement, wherein he waived his right to appeal or collaterally attack his conviction or sentence,

except to raise a claim of ineffective assistance of counsel. The Court adopted the Magistrate's findings and recommendations and found Movant guilty of Count 1.

Movant was sentenced to 156 months' imprisonment, to be followed by five years' supervised release. The sentence was a downward variance from the Sentencing Guidelines range (262–327 months), based on defense counsel's unopposed motion, the Court's application of the 18 U.S.C. § 3355(a)(1) factors, and Movant's drug or alcohol dependence. Judgment was entered May 28, 2019. Movant did not appeal. His conviction became final on June 11, 2019, the last day to file a notice of appeal. *See* FED. R. APP. 4(b)(1)(A)(i).

## II. MOTION UNDER 28 U.S.C. § 2255

Movant filed the present § 2255 motion on May 4, 2020. It is timely.

### A. MOVANT'S ALLEGATIONS

Movant alleges that defense counsel ("Counsel") was constitutionally ineffective in the following ways:

1. Counsel committed cumulative errors in failing to investigate exculpatory information;

2. Counsel failed to file a motion to disclose favorable evidence under *Brady*, failed to move to quash the indictment, and failed to move for a speedy trial;

3. Counsel failed to file a motion to suppress;

4. Counsel failed to subject the Government's case to a "meaningful adversary testing process;" and

5. Movant's guilty plea was not knowingly and voluntarily entered because he received ineffective assistance of counsel.

Based on these alleged errors, Movant moves the Court to "reverse, remand, and resentence [him] to time served." D.E. 36, p. 17.

The Government moves for a judgment on the record pursuant to Rule 8(a), 28 U.S.C. Foll. § 2255, on the grounds that each of Movant's claims is vague, conclusory, and made without any legal or evidentiary basis or support.

## B. LEGAL STANDARDS

### 1. 18 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

### 2. Ineffective Assistance of Counsel

An ineffective assistance of counsel allegation presented in a § 2255 motion is properly analyzed under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 689 (1984). *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his or her counsel's performance was both deficient and prejudicial. *Id*. This means that a

movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. *United States v. Dovalina*, 262 F.3d 472, 474–75 (5th Cir. 2001).

In reviewing ineffectiveness claims, "judicial scrutiny of counsel's performance must be highly deferential," and every effort must be made to eliminate "the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. An ineffective assistance claim focuses on "counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct[,]" because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence." *Id*. at 689–90. With regard to the prejudice requirement, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694; *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one.").

### C. ANALYSIS

#### 1. Failure to Investigate

In his first ground for relief, Movant claims that "Counsel was ineffective for making cumulative errors," namely her "failure to investigate and present evidence consistent with Defendant's claim that he was a recreational drug user." D.E. 36, p. 5. Specifically, Counsel "failed to investigate excuidatory [sic] information in investigation reports, interview witness and subpena [sic] witnesses." *Id.*

5

Under *Strickland*, a petitioner "who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the [case]." *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989) (citing *Alexander v. McCotter*, 775 F.2d 595 (5th Cir. 1985)); *see also United States v. Bernard*, 762 F.3d 467, 472 (5th Cir. 2014). "[I]n a guilty plea scenario, a petitioner must prove not only that his attorney actually erred, but also that he would not have pled guilty but for the error." *Armstead*, 37 F.3d at 206 (citing *Hill v. Lockhart*, 474 U.S. 52 (1985)). The Fifth Circuit has further "explained that 'complaints of uncalled witnesses are not favored in federal habeas corpus review because allegations of what a witness would have testified are largely speculative.'" *United States v. Fields*, 761 F.3d 443, 461 (5th Cir. 2014) (quoting *Sayre v. Anderson*, 238 F.3d 631, 635–36 (5th Cir. 2001)). To prevail on such a claim, "'the petitioner must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense.'" *Id.* (quoting *Day v. Quartermain*, 566 F.3d 527, 538 (5th Cir. 2009)).

Here, Movant "has failed to suggest with specificity what exculpatory evidence could have been uncovered by a more thorough investigation by his counsel . . . ." *See Green*, 882 F.2d at 1002. He has also failed to identify any witness who would have provided favorable testimony. Movant claims the fact that he was found passed out with needles and assorted drugs in his car at the time of his arrest proves that he was a recreational drug user and not a drug dealer; however, the two are not mutually exclusive.

The Stipulation of Fact Movant signed under penalty of perjury also refutes his claim that he was no more than a recreational drug user. Accordingly, this claim is denied.

### 2. Failure to File Motions

In his second ground for relief, Movant claims that "Counsel's failure to file to quash indictment, motion for discovery, motion to produce exculpatory evidence under *Brady v. Maryland*, and motion for speedy trial constituted ineffective assistance of counsel." D.E. 36, p. 6. In his third ground for relief, he similarly claims that "Counsel was constitutionally ineffective for failing to move to suppress drug statement evidence that was not truthful, corroborated, or sufficient as was in this case," and Movant "was prejudiced by this evidence [that] was used to convict and sentence [him]." *Id.*, p. 9.

"A voluntary and unconditional guilty plea has the effect of waiving all nonjurisdictional defects in the prior proceedings." *United States v. Wise*, 179 F.3d 184, 186 (5th Cir. 1999) (citing *McMann v. Richardson*, 397 U.S. 759, 766 (1970); *Busby v. Holman*, 356 F.2d 75, 77 & n. 3 (5th Cir. 1966) (collecting cases)). "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *United States v. Smallwood*, 920 F.2d 1231, 1240 (5th Cir. 1991) (citation omitted). "This includes all [ineffective assistance of counsel] claims 'except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary.'" *United States v. Palacios*, 928 F.3d 450, 455 (5th Cir. 2019) (quoting *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000)).

When Movant pled guilty to Count 1 of the indictment, he waived his right to now claim that counsel was ineffective for failing to file the aforementioned pretrial motions. Accordingly, his second and third claims are denied.

### 3. Failure to Challenge Prosecution's Case

In his fourth ground for relief, Movant argues that "Counsel was ineffective for not doing any adverse testing and Defendant was prejudiced by being converted without testing." D.E. 36, p. 11.

The Government argues that, like his claims regarding Counsel's failure to file pretrial motions, Movant waived any claim to "meaningful adverse testing" based on his non-conditional voluntary plea of guilty and in accordance with the terms of his plea agreement. *See Palacios*, 928 F.3d at 455. In response, Movant says he only waived this claim "based on bad advice," and he "would have never waived his rights had counsel advised him that evidence exist[ed] and could have been properly presented that [Movant] was in fact an addict and recreational drug user who should have only been responsible for the drugs he possessed 11.9 grams to use." D.E. 44, p. 4. Movant may be a drug addict and user; however, as set forth in Part II.C.1, *supra*, he has failed to identify any exculpatory evidence showing that he was not also a methamphetamine dealer. Accordingly, this claim is denied.

### 4. Involuntary Plea

In his fifth and final ground for relief, Movant claims that "[a] conviction on a guilty plea tendered as a result of faulty advice is a miscarriage of justice," and, in entering into a written plea agreement with the Government, he did "not waive [his] right

8

to challenge that his guilty plea was not knowingly and voluntarily entered because of ineffective assistance of counsel." D.E. 36, p. 13.

Movant's general claim that his guilty plea was involuntary "because of ineffective assistance of counsel" is vague, conclusory, and unsupported by any specific factual allegations. Moreover, the record establishes the Court's full compliance with Federal Rule of Criminal Procedure 11. In recommending that the Court accept Movant's guilty plea, the Magistrate determined that Movant understood the charges against him and the rights he was giving up; the minimum and maximum statutory penalties, including imprisonment, fine, and term of supervision; the operation of the Sentencing Guidelines and those punishment ranges; and his waiver of pretrial, trial, appellate, and post-conviction rights. D.E. 24. This Court adopted the Magistrate's findings as its own, accepted Movant's guilty plea, and adjudicated Movant guilty. D.E. 25. Finally, a signed, unambiguous plea agreement is accorded great evidentiary weight when deciding if the plea is entered voluntarily. *See Bonvillan v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986).

The evidence before the Court supports the finding that Movant's guilty plea was knowing and voluntary, and he does not show any likelihood that the result of the proceeding would have been different but for his vague and conclusory allegations of ineffective assistance of counsel. Accordingly, this claim is denied.

### D. MOTION FOR AN EVIDENTIARY HEARING

"A § 2255 motion requires an evidentiary hearing unless either (1) the movant's claims are clearly frivolous or based upon unsupported generalizations, or (2) the movant

9

would not be entitled to relief as a matter of law, even if his factual assertions were true." *United States v. Allen*, 918 F.3d 457, 460 (5th Cir. 2019).

Movant requests an evidentiary hearing, claiming there are "conflicting affidavits based on disputes." D.E. 45, ¶ 4. Contrary to his motion, Movant did not "attach[] to his motion his affidavit detailing the facts that defense [counsel] Laura Ramos involvement used to induce his guilty plea," nor did the Government "obtain[] an affidavit from Defense counsel Laura Ramos concerning the Indictment to petitioner." *Id.*, ¶¶ 2, 3.

Because all of Movant's claims are clearly frivolous and based upon unsupported generalizations, his motion for an evidentiary hearing is **DENIED**.

### E. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Movant has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." RULE 11, § 2255 RULES.

A certificate of appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S.

10

473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483–84). As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Based on the above standards, the Court concludes that Movant is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

### III. MOTION FOR COMPASSIONATE RELEASE

Movant has served approximately 23 months (15%) of his 156-month sentence and has a projected release date, after good time credit, of June 20, 2030. Citing the First Step Act, PL 115-015, _____, 2018, 132 Stat. 015, he now moves the Court to allow him to serve the remainder of his sentence on home confinement because he is needed at home to help care for his father, who is in poor health. He submitted a written request for compassionate release with the warden at Pekin FCI on August 18, 2020, but his request was denied. *See* D.E. 46-2, p. 2.

11

### A. Legal Standard

As modified by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) authorizes a court to reduce a defendant's sentence under a limited number of circumstances:

> **(c) Modification of an Imposed Term of Imprisonment.—**
> The court may not modify a term of imprisonment once it has been imposed except that—
>   (1) in any case—
>     (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>       (i) *extraordinary and compelling reasons warrant such a reduction* . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

The applicable United States Sentencing Commission policy statement provides that extraordinary and compelling reasons for early release exist where:

> **(A) Medical Condition of the Defendant.—**
>
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor

cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—
(I) suffering from a serious physical or medical condition,
(II) suffering from a serious functional or cognitive impairment, or
(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

**(B) Age of the Defendant. –**

The defendant is (i) at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less;

**(C) Family Circumstances. –**

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

**(D) Other Reasons. –**

As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary or compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13(1)(A), Application Note 1.

Even if "extraordinary and compelling reasons" for early release exist, the Guidelines' policy statements provide for a reduction in sentence only if a defendant "is

13

not a danger to the safety of any other person or the community, as provided in 18 U.S.C. §3142(g)." U.S.S.G. § 1B1.13(2). Factors relevant to this inquiry include: (1) the nature and circumstances of the offenses of conviction, including whether the offense is a crime of violence, or involves a minor victim, a controlled substance, or a firearm, explosive, or destructive device; (2) the weight of the evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

Finally, the Court must consider whether a reduction is consistent with the applicable section 3553(a) factors. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. The applicable statutory factors include, among others: the defendant's history and characteristics; the nature and circumstances of the offense; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; the need to deter criminal conduct and protect the public from further crimes of the defendant; the need to provide the defendant with, among other things, any needed medical treatment; and the various kinds of sentences available. 18 U.S.C. §§ 3553(a)(1)-(7).

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release." *United States v. Stowe*, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019).

### B. Analysis

Movant states that his father's health is deteriorating due to Alzheimer's disease and that his mother cannot afford in-home healthcare. He moves the Court to allow him

to serve the remainder of his sentence on home confinement for the sole purpose of helping care for his father. Movant emphasizes that he has completed a number of educational courses and maintained a clear disciplinary record while incarcerated. He also says he is now a devoted Christian and is no longer a gang member.

"Courts in the Southern District of Texas have repeatedly held that caring for a sick and/or aging parent is not a qualifying 'family circumstance' under U.S.S.G. § 1B1.13(1)(A)." *United States v. Hudec*, No. 4:91-CR-1-1, 2020 WL 4925675, at *5 (S.D. Tex. Aug. 19, 2020) (citing *United States v. Latham*, No. 6:18-CR-16-4, 2020 WL 4192920, at *3 (S.D. Tex. July 20, 2020); *United States v. Caldwell*, No. 2:17-CR-774, 2020 WL 3250728, at *2 (S.D. Tex. June 16, 2020); *United States v. Ramirez*, No. 2:15-CR-750-4, 2020 WL 2062262, at *2 (S.D. Tex. Apr. 29, 2020)); *see also United States v. Ingram*, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019) (denying compassionate release to defendant to care for ill mother because "[m]any, if not all inmates, have aging and sick parents. Such circumstance is not extraordinary."). Because caring for a sick and/or aging parent is not a qualifying "family circumstance" under U.S.S.G. § 1B1.13(1)(A), the Court is without authority to grant compassionate release on this ground. Finally, while the Court is permitted to consider post-sentencing rehabilitation in determining whether to grant an eligible defendant a sentence reduction, it is not authorized to grant a reduction based upon post-sentencing rehabilitation alone. *See* U.S.S.G. § 1B1.10, app. n.1(B)(iii).

## IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** as follows:

1. The Government's Motion for Judgment on the Record (D.E. 42) is **GRANTED**;

2. Movant's motion under 28 U.S.C. § 2255 (D.E. 36) is **DENIED**;

3. Motion's motion for an evidentiary hearing (D.E. 45) is **DENIED**;

4. Movant is **DENIED** a Certificate of Appealability; and

5. Movant's letter motion for compassionate release (D.E. 46) is **DENIED**.

**SIGNED** on this 8th day of December 2020.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE